FILED



PAID

JUN 5 2026

CLERK, U.S. DISTRICT COURT
COURT 4612

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES BRANCH**

2026 JUN -5 AM 9: 44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

| | |
|---|---|
| **JEROME GARDNER, an individual; and doing business as JEROME'S SOCAL HOME IMPROVEMENT, INC., a California business entity,** Plaintiffs, <br><br> v. <br><br> **FOX TELEVISION STATIONS LLC d/b/a FOX 11 LOS ANGELES; FOX CORPORATION; PENSKE MEDIA CORPORATION; 2URBANGIRLS MEDIA ENTITIES; GILBERT WAYNE FEARS; SHERYL FEARS; and DOES 1–50,** Defendants. | **CIVIL ACTION** <br><br> **CASE NO.:** 2:26-CV-06095-MWC-PDx <br><br> **DIVISION:** _____ <br><br> **MAGISTRATE:** _____ |

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND JURY DEMAND

**NOW INTO COURT,** appearing pro se and in proper person, comes Plaintiff, Jerome Gardner, individually and doing business as Jerome's SoCal Home Improvement, Inc., and respectfully avers the following:

1. This action arises from false broadcasts and publications accusing Plaintiffs of scam conduct, causing severe reputational and economic harm.

### INTRODUCTION

2. This is an action arising from a coordinated campaign to falsely portray Plaintiffs as scammers, fraudsters, and exploiters of the Black community, and to use federally licensed broadcast facilities and digital media channels to destroy Plaintiffs' reputation and business.

- 1 -

3. Defendants caused false and misleading statements to be broadcast over public airwaves through a federally regulated television station and republished same online, while omitting material exculpatory facts, including that Plaintiffs' work passed inspections by the City of Los Angeles and that the California Contractors State License Board ("CSLB") dismissed and/or closed complaints concerning the project.

4. These false and misleading statements continue to be broadcast over public airwaves by a federally regulated television station and republished same online.

5. Defendants further used the power and influence of federally licensed broadcast media to interfere with Plaintiffs' advertising relationships, including contacting the radio station associated with Stevie Wonder and urging cessation of Plaintiffs' paid advertising.

6. As a direct result, Plaintiffs suffered lost business, reputational devastation, emotional distress, and continuing economic harm.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under **28 U.S.C. §1331** because this action arises in part under federal law, including:

   a. **47 U.S.C. §151 et seq.** (Communications Act of 1934);

   b. **47 U.S.C. §315** and related FCC duties of fairness, truthful sponsorship identification, and broadcast obligations;

   c. **47 U.S.C. §503** concerning misconduct by licensees;

   d. **47 U.S.C. §230** to the extent Defendants may improperly invoke immunity while materially contributing to unlawful content;

- 2 -

e. **42 U.S.C. §1981** regarding racially targeted interference with contractual relationships;

f. Supplemental jurisdiction over related state law claims under **28 U.S.C. §1367**.

8. Venue is proper in this District under **28 U.S.C. §1391** because the events occurred in Los Angeles County, Defendants transact business here, and the broadcasts originated here.

## PARTIES

9. Plaintiff **Jerome Gardner** is a resident of California and owner/operator of Jerome's SoCal Home Improvement a sole proprietorship that he operates as "doing business as" entity.

10. Plaintiff **Jerome's SoCal Home Improvement, Inc.** is **Jerome Gardner** doing business as an entity, as a California contractor business operating in Los Angeles County.

11. Defendant **FOX Television Stations LLC** owns and/or operates FOX 11 Los Angeles.

12. Defendant **FOX Corporation** exercised ownership, supervision, ratification, and/or policy control.

13. Defendant **Penske Media Corporation** owns and/or controls publishing interests connected with 2UrbanGirls.

14. Defendant **2UrbanGirls** is a digital media outlet that republished defamatory accusations.

15. Defendants **Gilbert Wayne Fears** and **Sheryl Fears** are California residents who supplied false and misleading accusations.

16. Plaintiffs are ignorant of the true names of DOES 1–50 and will amend when known.

## FACTUAL ALLEGATIONS

17. Plaintiffs entered into a lawful contract to renovate a kitchen at 9800 S. Harvard Boulevard, Los Angeles, California.

18. During demolition and construction, unforeseen structural issues were discovered requiring additional work, including footing, framing, and related code-compliance matters, which all required state inspections and certified engineering and which added time to the work.

19. Plaintiffs communicated the changed conditions and continued performance and documented same with change orders as required by law.

20. The work was subject to inspections by the City of Los Angeles and passed applicable inspections.

21. The Fears filed complaints with CSLB, including one withdrawn complaint and a later complaint that was ultimately closed in without discipline to Plaintiffs. The CSLB found that the Plaintiff did nothing wrong and had complied with CLSB rules and regulations. As a result, the complaint was dismissed.

22. Despite these facts, Defendants caused FOX 11 to broadcast sensational statements implying Plaintiffs had scammed consumers and ruined Thanksgiving.

23. Online headlines and stories similarly portrayed Plaintiffs as dishonest contractors.

24. Defendants omitted material facts including the following:

    a. hidden structural conditions,

    b. customer-requested changes, inspection approvals,

    c. CSLB closure of complaints,

    d. The work passed City of Los Angeles inspections,

-4-

   e. The work was given a final pass by City of Los Angeles,

   f. The explanations of the additional work that had to be done, the complex processes involved, the requisite additional engineering that had to be done to fix the unexpected structural issue, the additional inspections that had to done on the added, all of which delayed the project and was done without additional charge to the Fears Defendants.

25. Defendants republished and amplified racialized accusations that Plaintiffs were exploiting the Black community.

26. Defendants or their agents then contacted Plaintiffs' advertising partners, including a radio station associated with Stevie Wonder, urging that Plaintiffs' advertisements be stopped.

27. Plaintiffs lost advertising access, customer leads, goodwill, contracts, and revenue.

28. Defendants acted knowingly, recklessly, or with actual malice.

## FIRST CAUSE OF ACTION
### Violation of 42 U.S.C. §1981 (Interference with Contractual Relations)

29. Plaintiffs incorporate prior paragraphs.

30. Plaintiffs had contractual and prospective contractual relationships with advertisers, customers, and media outlets.

31. Defendants intentionally interfered with those relationships using racially charged accusations and efforts to terminate advertising access.

32. Plaintiffs suffered damages.

33. The damages suffered by Plaintiff are currently unascertainable but on belief and information is in excess of One Million Dollars ($1,000,000.00).

34. Defendants, and each of them, should be held liable for Plaintiffs' damages, individually, jointly and/or severally.

## SECOND CAUSE OF ACTION
### Communications Act / FCC-Related Unlawful Broadcast Conduct

35. Plaintiffs incorporate prior paragraphs.

36. Defendant broadcaster used federally licensed spectrum in a misleading and malicious manner contrary to duties imposed on licensees to operate in the public interest.

37. Defendants knowingly aired materially misleading content while omitting known exculpatory facts.

38. The Defendants' action has caused plaintiff damages, for which the defendants should be liable.

39. Plaintiffs seek damages as permitted by law and proven at trial

40. Plaintiffs also seek declaratory and injunctive relief and all remedies permitted by law.

## THIRD CAUSE OF ACTION
### Defamation (Libel and Slander)

41. Defendants published false statements that Plaintiffs were scammers, dishonest, failed contractors, and exploiters.

42. Such statements were false and defamatory *per se* because they directly attack Plaintiffs' fitness in trade.

43. Fox 11 published a sensational television news story that may have been seen by millions of people in the Los Angeles Area.

44. The television story was also published on Fox 11's websites and other Fox affiliated websites.

45. Defendant 2 Urban Girls and Penske Publication published stories on 2 Urban Girls and on belief other websites.

46. Defendants also published stories on their social media handles and pages, further spreading their falsehoods.

47. Plaintiffs suffered presumed and actual damages.

48. Among other things, Plaintiff lost several existing clients, who decided to stop doing business with Plaintiff.

49. Plaintiff lost several potential clients that Plaintiff Garner was negotiating contracts with and who decided not to sign up with or otherwise do business with Plaintiffs.

50. Plaintiffs suffered damages.

51. The damages suffered by Plaintiff are currently unascertainable but on belief and information is in excess of One Million Dollars ($1,000,000.00).

52. Defendants, and each of them, should be held liable for Plaintiffs' damages, individually, jointly and/or severally.

## FOURTH CAUSE OF ACTION
### Trade Libel / Commercial Disparagement

53. Defendants published falsehoods about Plaintiffs' services intending to discourage customers.

54. Plaintiffs lost revenue and business opportunities.

55. Plaintiffs suffered damages.

56. The damages suffered by Plaintiff are currently unascertainable but on belief and information is in excess of One Million Dollars ($1,000,000.00).

57. Defendants, and each of them, should be held liable for Plaintiffs' damages, individually, jointly and/or severally.

## FIFTH CAUSE OF ACTION
### Intentional Interference with Contractual Relations

58. Plaintiffs had advertising and business contracts.

59. Defendants knowingly induced disruption.

60. Plaintiffs were damaged.

61. Plaintiffs suffered damages.

62. The damages suffered by Plaintiff are currently unascertainable but on belief and information is in excess of One Million Dollars ($1,000,000.00).

63. Defendants, and each of them, should be held liable for Plaintiffs' damages, individually, jointly and/or severally.

## SIXTH CAUSE OF ACTION
### Intentional Interference with Prospective Economic Advantage

64. Plaintiffs had ongoing expectancy of future contracts and customers.

65. Defendants intentionally disrupted those relationships.

66. Plaintiffs suffered damages as a result of Defendants' intentional interference their prospective economic advantage.

67. The damages suffered by Plaintiff are currently unascertainable but on belief and information is in excess of One Million Dollars ($1,000,000.00).

68. Defendants, and each of them, should be held liable for Plaintiffs' damages, individually, jointly and/or severally.

## SEVENTH CAUSE OF ACTION
### False Light

69. Defendants portrayed Plaintiffs publicly as predatory scammers while concealing contrary facts.

70. Such portrayal would be highly offensive to a reasonable person.

- 8 -

71. Plaintiffs suffered damages as a result of their portrayal in false light by Defendants.

72. The damages suffered by Plaintiff are currently unascertainable but on belief and information is in excess of One Million Dollars ($1,000,000.00).

73. Defendants, and each of them, should be held liable for Plaintiffs' damages, individually, jointly and/or severally.

## EIGHTH CAUSE OF ACTION
### Unfair Competition (Cal. Bus. & Prof. Code §17200)

74. Defendants engaged in unlawful, unfair, and fraudulent business acts.

75. On belief and information, the actions of defendants may have been motivated in part by jealous of Jerome Gardner as his success as black businessman.

76. On belief and information, the actions of defendants were in part to cut Plaintiff down to size and ensure that he is not more successful than Defendants.

77. Plaintiffs suffered damages.

78. The damages suffered by Plaintiff are currently unascertainable but on belief and information is in excess of One Million Dollars ($1,000,000.00).

79. Defendants, and each of them, should be held liable for Plaintiffs' damages, individually, jointly and/or severally.

## DAMAGES

80. Plaintiffs have suffered the following:

- lost profits,
- lost contracts,
- reputational harm,
- emotional distress,
- corrective advertising costs,
- diminished enterprise value,
- punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request:

1. General damages according to proof;
2. Special damages exceeding $10,000,000;
3. Punitive damages;
4. Injunction requiring removal/correction/retraction;
5. Declaratory relief;
6. Costs and attorney's fees where authorized;
7. Prejudgment interest;
8. Trial by jury.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff **JEROME GARDNER, an individual; and doing business as JEROME'S SOCAL HOME IMPROVEMENT, INC., a California business entity,** prays that after due proceeding are had, that there be judgment in favor and against the Defendants, jointly and severally as this court may deem appropriate.

Dated this 27th of April, 2026.

Respectfully submitted,

**JEROME GARDNER**

_____

**JEROME GARDNER**
Plaintiff **Pro Se**

**JEROME GARDNER doing business as
JEROME'S SOCAL HOME
IMPROVEMENT, INC.**

_____

**JEROME GARDNER doing business as
JEROME'S SOCAL HOME
IMPROVEMENT, INC.**
Plaintiff **Pro Se**

Telephone:    **(818) 605-5203**
Email:

_In Proper Person_